PIERCE H. DEAMER, Jr., PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF BERGENFIELD, RE-SPONDENTS.

Submitted January 31, 1930—Decided August 2, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Pierce H. Deamer, Jr., in propria persona.*

For the respondents, *Winne & Banta.*

PER CURIAM.

The prosecutor in this case seeks to review an assessment for $87.50 upon his lands in the borough of Bergenfield by reason of a surface water drainage improvement. The same ordinance and proceedings are involved as in Christie v. Bergenfield, recently decided

The prosecutor first complains that notwithstanding the newspaper publication of notice of the ordinance, the proceedings are invalid because there was not personal notice. This question was determined adversely to the contention of the prosecutor in *Christie* v. *Bergenfield, supra,* and in Specht. *v.* East Orange, also recently decided.

Points two, three and four of prosecutor's brief are grounded in the proposition that a drainage area was not mapped and recorded in due season; but our attention is called to no statute or decision to support the arguments thus advanced and we are not persuaded.

In points five and six the prosecutor contends that no surface water from his property can ultimately reach any section of the improvement; and that there is a total absence of benefit necessary to support the assessment, in view of which there can be no legal assessment. The first assertion does not appear to be proven. The question of benefit is disputed. As to sewers for surface water there may well be a. present benefit, although the lands do not abut on the sewer. *Breakenridge* v. *Newark,* 95 *N. J. L.* 436, 439.

Prosecutor's final point is that the cost of the improvement is excessive and particularly that it was in excess of special benefits, and that as to such excess the cost should have been met by general taxation and not by assessment. The alleged facts upon which the point is based are not proved to our satisfaction. Had the prosecutor desired to contest the assessment on the ground that it was unfair, the question could readily have been determined by appeal to the Circuit Court.

From the record we observe that the schedule of costs of the improvement is precisely the same as in *Christie* v. *Bergenfield, supra,* totaling the sum of $45,181.02, one of the·

items being "construction $39,875.24." From the record in that case we take judicial notice that that item included a disbursement of $3,267.50 for the installation of drain pipe and catch basins in North and South Demarest avenues for which no provision was made in the ordinance. We assume that in the instant case, also, the assessment included, as it should not have, a prorated part of that cost. The assessment is therefore set aside for the last-mentioned reason, to the end that the cost of those drains and catch basins may be omitted from the aggregate sum to be raised, and that new assessments be laid accordingly. Costs are allowed the prosecutor.